NOT DESIGNATED FOR PUBLICATION

No. 124,104

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

V.

JOSE ANGEL RIVERA-CRUZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed April 15, 2022.
Appeal dismissed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: At the time of Jose Angel Rivera-Cruz' sentencing for one count of criminal possession of a weapon, the district court determined he was entitled to jail credit for the time he had served, which resulted in his entire prison sentence being satisfied. The district then imposed postrelease supervision of 12 months as required by K.S.A. 2020 Supp. 22-3717(d)(1)(C). Rivera-Cruz now appeals the imposition of his postrelease sentence. Specifically, he argues the district court erred in ordering him to serve a term of postrelease supervision because he was never placed in the custody of the Kansas Department of Corrections.

1

After Rivera-Cruz' brief was filed, the State filed a notice of change in custodial status in accordance with Supreme Court Rule 2.042 (2022 Kan. S. Ct. R. at 18), indicating Rivera-Cruz satisfied the term of his postrelease supervision on December 25, 2021. The State's notice included appropriate documentation reflecting Rivera-Cruz was no longer on postrelease supervision.

We issued an order to the parties to show cause why the appeal should not be dismissed as moot in light of Rivera-Cruz' completion of his postrelease supervision. In our order, we advised that Rivera-Cruz' failure to respond by March 14, 2022, could result in dismissal of the appeal. Rivera-Cruz did not respond. The State responded, asserting the appeal should be dismissed as moot. We agree with the State.

As a general rule, appellate courts do not decide moot questions. An appellate court can dismiss an appeal as moot if it can be "'clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and [the judgment] would not impact any of the parties' rights.' [Citation omitted.]" *State v. Roat*, 311 Kan. 581, 584, 466 P.3d 439 (2020).

We observe nothing showing an ongoing case or controversy, and no ruling from us can affect Rivera-Cruz' rights as the full term of postrelease supervision has been served. Accordingly, any judgment we could enter would be ineffectual for any purpose. We dismiss Rivera-Cruz' appeal as moot.

Appeal dismissed.